**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Xclusive-Lee, Inc.,

    Plaintiff,

          v.

Jagg Marketing 2000 Inc.,

    Defendant.

Case No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Xclusive-Lee, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Jagg Marketing 2000 Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Jackson Lee ("*Lee*") is a professional photographer whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

3. Plaintiff regularly photographs public-interest events, community subjects, public figures, fashion subjects, lifestyle subjects, and matters of public concern.

4. Lee created a photograph depicting a young woman walking down a street wearing black clothing (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

5. Defendant operates a commercial organic-products and consumer-goods business that markets and promotes products through social-media platforms.

6. Defendant owns and operates an Instagram account known as "@corabellaorganic"

(the "*Account*").

7.    Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Account in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8.    Plaintiff is a New York corporation with its principal place of business in New York County, New York.

9.    Defendant is a Massachusetts domestic corporation with a principal place of business at 607 North Avenue, Wakefield in Middlesex County, Massachusetts.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Massachusetts.

12.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.    **Plaintiff's Copyright Ownership**

13.    Plaintiff is a photography and licensing company that owns and licenses copyrighted photographic works, including the Photograph at issue in this action. The works owned and licensed by Plaintiff have been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

14.    Plaintiff, through its photographers and creators, develops original photographic works depicting public-interest events, community subjects, public figures, fashion subjects, lifestyle subjects, and matters of public concern. Through substantial investment of time, skill,

2

creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses and have been published by numerous media outlets and publications.

15.     Plaintiff has devoted substantial time, skill, effort, and expense to developing its photography business and creating a portfolio of original photographic works.

16.     Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, marketing agencies, and other third parties for authorized use.

17.     Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of its business.

18.     Plaintiff actively protects its copyrighted works against unauthorized reproduction, distribution, display, and exploitation.

19.     Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

20.     On August 28, 2017, Lee first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

21.     In creating the Photograph, Lee personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, and other creative elements used to capture the image and made each and every artistic determination necessary for creation of the work.

22.     On November 13, 2017, the Photograph was registered by the USCO under Registration No. VA 2-075-534.

23.     Lee created the Photograph with the intention that it be used commercially and for purposes of display and public distribution.

24.     Plaintiff acquired ownership of the Photograph and all rights associated therewith,

including the copyrights at issue in this action, by way of a valid written assignment.

25.    Plaintiff is the current owner of the copyrights asserted herein and possesses standing to bring this action.

**B.    <u>Defendant's Infringing Activity</u>**

26.    Defendant is the registered owner of the Account and is responsible for its content.

27.    Defendant is the operator of the Account and is responsible for its content.

28.    The Account forms a significant component of and is used to advance Defendant's commercial enterprise.

29.    Upon information and belief, Defendant operates a commercial organic-products and consumer-goods business that markets and promotes products through social-media platforms.

30.    Upon information and belief, the Account serves as a primary branding, marketing, publishing, and audience-engagement platform through which Defendant promotes products, communicates with consumers, publishes visual content, and develops brand awareness.

31.    Upon information and belief, Defendant regularly publishes photographs, promotional content, lifestyle content, product-related content, and other visual materials selected to attract audience attention, increase user engagement, generate shares and interactions, and promote Defendant's products and brand.

32.    Upon information and belief, Defendant derives commercial benefit from operation of the Account through product promotion, customer acquisition, audience growth, brand promotion, consumer engagement, increased sales opportunities, and related revenue-generating activities.

33.    Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Account in order to attract audience attention, increase engagement, enhance brand visibility, promote products, and generate commercial value.

34.    Upon information and belief, Defendant's personnel possess substantial experience in gathering, selecting, reviewing, publishing, and distributing visual-media content and are

familiar with industry practices concerning copyright ownership, licensing, attribution, content acquisition, and intellectual-property compliance.

35.    On or about May 10, 2023, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph through the Account as part of an online post located at URL: https://www.instagram.com/p/CsFZ72xrlI1 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

36.    Upon information and belief, Defendant selected, published, distributed, and displayed the Photograph through the Account without obtaining a license or authorization from Plaintiff.

37.    Plaintiff first observed the Infringement on September 28, 2023.

38.    Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph.

39.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

40.    The Infringement is a copy or substantially similar copy of Plaintiff's original Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

41.    Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing through the Account, including Plaintiff's Photograph.

42.    Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, distributed, and made available through the Account by Defendant.

43.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it

was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

44. Upon information and belief, Defendant maintained and exercised the right and ability to supervise, control, review, approve, modify, remove, disable, restrict, and otherwise regulate content appearing through the Account.

45. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

46. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

47. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

48. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities.

49. Defendant's use of the Photograph harmed the actual market for the Photograph.

50. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

51. On June 26, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

52. Thereafter, on October 27, 2025, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

53. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address

6

Plaintiff's claims.

54.    Upon information and belief, the Infringement remained publicly accessible for a substantial period after Defendant received notice of Plaintiff's claims.

55.    Upon information and belief, Defendant possessed and exercised the ability to supervise, control, review, remove, disable, restrict, and otherwise regulate content appearing through the Account.

56.    Upon information and belief, Defendant's failure to promptly remove the Infringement after receiving notice of Plaintiff's rights, and Defendant's continued maintenance of the Infringement for an extended period thereafter, constitutes evidence that Defendant acted knowingly, intentionally, and with reckless disregard for Plaintiff's rights under the Copyright Act.

57.    The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

58.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
#### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

59.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

61.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

63.    Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights under the Copyright Act.

7

64. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement

pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: August 12, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___

Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130285

*Attorneys for Plaintiff*